IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IRAN WATSON | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| KAPPA MAP GROUP, LLC | § |
| | § |
| Defendant. | § CIVIL ACTION NO. 1:14-cv-00100- TWT |
| | § |
| KAPPA MAP GROUP, LLC | § |
| Counterclaimant, | § |
| | § |
| v. | § |
| | § |
| IRAN WATSON | § |
| | § |
| Counter-Defendant. | § |

**ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant KAPPA MAP GROUP, LLC, ("Kappa") by and through its counsel of record, respectfully submits its Answer to the Amended Complaint filed by IRAN WATSON ("Watson") in the above referenced matter. Defendant denies any averments not expressly admitted and responds to the Complaint as follows:

1.  Kappa admits the averments in paragraph 1 of the Complaint.

2.  Kappa admits the averments in paragraph 2 of the Complaint.

1

3.      Kappa admits the averments in paragraph 3 of the Complaint.

4.      Kappa admits the averments in paragraph 4 of the Complaint.

5.      Kappa is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 5 of the Complaint.

6.      Kappa admits the averments in paragraph 6 of the Complaint.

7.      Kappa admits the averments in paragraph 7 of the Complaint.

8.      Kappa is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 8 of the Complaint.

9.      Kappa admits the averments in paragraph 9 of the Complaint.

10.     In response to paragraph 6, Kappa admits that Watson added copyright management information ("CMI"), including a digital watermark containing Watson's name and a copyright notice, to certain copies of the Work that he published online. Kappa denies that Watson added CMI to all copies of the Work that he published online. Kappa denies Watson's CMI was on the image used on its Atlanta Metro cover.

11.     Kappa admits paragraph 11 of the Complaint shows a reproduction of the Work which includes Watson's CMI watermark.

12.     Kappa admits the averments in paragraph 12 of the Complaint.

13.     Kappa admits the averments in paragraph 13 of the Complaint.

14.     Kappa admits the averments in paragraph 11 of the Complaint.

15.     In response to paragraph 15 Kappa is without knowledge or information

2

sufficient to form a belief as to the truth or falsity of what Watson observed in Atlanta. Kappa admits that the Kappa Map was on sale in stores in Atlanta on or about that date. Kappa denies that the cover of the Kappa Map ever contained CMI information or that Kappa removed Watson's CMI information. Kappa further denies that Watson first became aware of Kappa's use of the map on June 7, 2013. Kappa sent Watson email correspondence regarding a third party's publication of a copy of the image it used on the cover of the Kappa Map nearly half a year earlier on January 28, 2013.

16.    Kappa admits that the Work on the cover of the Kappa Map had been cropped. Kappa denies that Watson's watermark had been removed. Kappa sent email to Watson in January 2013 showing that the image it used on its cover contained no CMI.

17.    Kappa admits that it received no permission from Watson regarding its use of the work.

18.    Kappa admits that the image appears on the first inside page of the Kappa Map and that it speaks for itself. Kappa denies that the image or the information contained within is conveyed with Watson's work, which appears seperately on the outside cover of the map.  Kappa denies any remaining averments in paragraph 17 of the Complaint.

19.    Kappa denies the averments in paragraph 19 of the Complaint.

20.    Kappa denies the averments in paragraph 20 of the Complaint.

21.     Kappa denies the averments in paragraph 21 and all subparagraphs of paragraph 21 of the Complaint.

22.     Kappa admits that Watson contacted Kappa. Kappa denies the remaining averments in paragraph 22 of the Complaint.

23.     Kappa denies the averments in paragraph 23 of the Complaint.

24.     Kappa is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 24 of the Complaint.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

25.     In response to paragraph 25, Kappa repeats and incorporates by reference its answers to paragraphs 1-24.

26.     Kappa admits the averments in paragraph 26 of the Complaint.

27.     Kappa admits the averments in paragraph 27 of the Complaint.

28.     Kappa admits the averments in paragraph 28 of the Complaint.

29.     Kappa is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 29 of the Complaint.

30.     Kappa is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 30 of the Complaint.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

31.     In response to paragraph 31, Kappa repeats and incorporates by reference its answers to paragraphs 1-30.

32.     Kappa admits the averments in paragraph 32 of the Complaint.

33.     Kappa denies the averments in paragraph 33 of the Complaint.

34.     Kappa denies the averments in paragraph 34 of the Complaint.

### PRAYER FOR RELIEF

35. Kappa denies that Plaintiff is entitled to the grounds for relief as enumerated in the Complaint. Plaintiff's claims for preliminary and permanent injunctive relief was ruled upon on July 30. 2014 (Dkt. 37).  Plaintiff's claims for statutory damages under 17 USC § 504 and attorney's fees under 17 USC § 505 are barred, due to Watson's failure to timely register the Work under 17 USC § 412. Plaintiff's claims for statutory damages and attorney's fees under 17 USC § 1203 are barred, as there is no evidence that Kappa knew of any alleged false CMI or that Kappa had the intent to induce, facilitate, or conceal infringement as required under 17 USC § 1202. Furthermore, any of Watson's alleged actual damages, if any, are limited by Kappa's innocent intent in its use of the Work.

36.     Defendant specifically denies all allegations, if any, and conclusions of law, if any, to which it did not specifically reply in the Answer to Plaintiffs' Complaint.

5

## AFFIRMATIVE DEFENSES

1.      Although Plaintiff's statutory requests for relief are rather nebulous, to the extent Plaintiff has brought claims for an award of statutory damages under 17 U.S.C. § 504(c) for copyright infringement, Plaintiff's claims barred, in whole or in part, by the defense of innocent infringement as Kappa was under the impression that the Work was properly licensed for commercial use and the Work contained no copyright notice or CMI.

2.      Although Plaintiff's statutory requests for relief are rather nebulous, to the extent Plaintiff has brought claims for an award of statutory damages under 17 U.S.C. § 1203(c)(3), Plaintiff's claims barred, in whole or in part, by the defense of innocent infringement as Kappa was under the impression that the Work was properly licensed for commercial use and the Work contained no copyright notice or CMI.

3.      At the time filed his claim under 17 U.S.C. § 1202(a), Plaintiff was fully aware that Kappa did not knowing or intentionally falsify CMI in order to enable, facilitate or conceal infringement of Watson's rights in the Work. Watson's conduct in bringing this claim without basis has caused and continues to cause Kappa to suffer harm. Accordingly, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

4.     Defendant reserves the right to assert additional affirmative defenses (or cross-claims or counter claims) that may be identified during investigation and/or course of discovery.

## FIRST AMENDED COUNTERCLAIMS

For its First Amended Counterclaims against counter-defendant Iran Watson, ("Watson") counterclaimants, Kappa Group, LLC, ("Kappa"), allege as follows:

## PARTIES

1.     Counterclaimant Kappa Group, LLC, (hereinafter "Kappa") is a Pennsylvania limited liability company with its principal office at 6198 Butler Pike, Blue Bell, P A19422, and a registered address of 40 E Skippack Pike, Fort Washington PA19034.

2.     Counter-Defendant Iran Watson, (hereinafter "Watson") resides in the State of Georgia and in this District.

## JURISDICTION AND VENUE

3.     Jurisdiction is proper in this court because this litigation arises under federal law, namely 17 U.S.C. § 1202 (b). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

4.     The Counter-Defendant is subject to personal jurisdiction in Georgia.

5.     Venue is proper under 28 U.S.C. § 1391(b) because the acts giving rise to

these claims occurred in this District, Counterclaimant has a principal place of business in this District, and Counter-Defendant resides in and does business in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.    Upon information and belief, on or about February 17, 2011, Watson created the copyrighted photograph at issue in this action entitled "Atlanta Westin Towers Twilight," referred to herein as the "Work."

7.    Upon information and belief, on or about February 23, 2011, Watson uploaded the Work containing CMI information consisting of a watermark containing the words "Copyright Iran Watson Photo 2011", to his Flickr® account at the following link:

http://www.flickr.com/photos/iranwatson/5471482727/sizes/o/in/photostream/

8.    Upon information and belief, on or about April 25, 2011, Watson uploaded the Work containing CMI information consisting of a watermark containing the words "Copyright Iran Watson Photo 2011", to his blog at the following link: http://iranwatsonphoto.com/atlanta-ga-centennial-park-at-night/atlanta-westin-towers-twilight-copyright-2/

9.    Upon information and belief, on or about November 06, 2011, Watson uploaded the Work containing no watermark to his website at the following link:

http://iranwatsonphoto.com/wp-content/uploads/2010/10/Atlanta-Real-Estate-Apartment-Photography-Example-305.jpg[1]. See Exhibit A.



      10.    Upon information and belief, at some point subsequent to November 6, 2011, a Flickr user known only as "Roberto C." and/or "azroby" uploaded the Work containing no CMI watermark to a Flickr account at the following link: http://www.flickr.com/photos/beck32/7353519924. See Exhibit B.

      11.    Roberto C.'s Flickr account stated that the image of the Work, which contained no CMI, was subject to a license.  When a user clicked on the license

---

[1] This image is still available on Watson's website as of the filing date of this Answer and Counterclaims.

link, it took the user to a Creative Commons license that stated that the image was licensed for commercial use. See Exhibit C.

12.     On or about August 2012, Kappa Map downloaded a copy of the Work, which contained no CMI or watermark from Roberto C's Flickr account. See Exhibit D.

13.     On or about August 15, 2012, Defendant Kappa Map commissioned a single print run of its 2012 Atlanta Street map directory[2] ("Kappa Map") incorporating the image it downloaded from Roberto C's Flickr account. Exhibit E.

14.     On or about January 28, 2013, Watson contacted Kappa regarding its use of the Work. Kappa informed Watson that it was completely unaware that Watson was the true owner of the Work and that Kappa had used the Work on the cover of the Kappa Map in good faith based upon the representations in Roberto C's account that the image was licensed for use in commercial applications.

15.     16.     On or about January 28 2013, Kappa directed Watson to Roberto C's Flickr account, which contained the Work without the CMI watermark: www.flickr.com/photos/beck32/7353519924. See Exhibit F.

16.     Upon information and belief, subsequent to his conversation with Kappa, Watson requested that the image of the Work on Roberto C's account, which contained no CMI, be removed from Flickr.

_____

[2] No additional 2012 Atlanta Street map directories were published subsequent to August 15, 2012.

17.     On or about February 12, 2013, Watson registered the Work with the Copyright Office.

18.     On or about May 31, 2013, Kappa Map published its 2013 Atlanta Metro Street map directory with a different image on the cover.

19.     Nearly a year later, on January 13, 2014, Watson filed the pending suit.

20.     In the present action, Watson claims that "Kappa knowingly, and with the intent to enable or facilitate copyright infringement, removed Watson's CMI from the Work in violation of 17 U.S.C. §1202(b) and that "Kappa removed Watson's CMI knowing or having reasonable grounds to know that this will enable, facilitate or conceal infringement of Watson's rights in the Work protected under the Copyright Act."

21.     Although Watson asserts that CMI in the form of a watermark appeared on the image he uploaded to his Flickr account, Watson is fully aware that he did not include a CMI watermark in all copies of the Work that he published online.

22.     At the time he filed this claim, Watson was fully aware that the image used by Kappa in the Kappa Map contained no CMI watermark.

23.     At the time he filed this claim, Watson was fully aware that because the image in the Kappa Map contained no CMI watermark, it would be impossible for Kappa to remove CMI data.

11

24.     At the time he filed this claim, Watson was fully aware that Kappa did not knowing or intentionally remove CMI in order to enable, facilitate or conceal infringement of Watson's rights in the Work protected under the Copyright Act."

25.     Watson's conduct in bringing this claim without basis has caused and continues to cause harm to Kappa.

## COUNT I

## DECLARATION OF NO VIOLATION OF 17 U.S.C. § 1202(b)

26.     Kappa realleges the allegations set forth in Paragraphs 1 through 19 of the Counterclaim as though fully set forth herein.

27.     As stated in Paragraphs 28 - 29 of the Complaint, Watson has brought this action pursuant, in part, to 17 U.S.C. § 1202(b).

28.     17 U.S.C. § 1202(b) makes it a violation to "intentionally remove or alter any copyright management information

29.     Watson claimed that Kappa knowingly removed CMI from the Work.

30.     Watson is fully aware that the copy of the Work on Roberto C's Flickr account did not contain his CMI watermark.

31.     Watson is fully aware that the image used by Kappa in the Kappa Map did not contain CMI that could be removed or altered.

32.     Kappa did not knowingly or intentionally remove or alter any copyright management information in the copy of the Work it obtained from Roberto C's Flickr account.

33.     Based on the circumstances described above, Defendant has not violated 17 U.S.C. § 1202(b).

## COUNT II

## CLAIM FOR COSTS AND ATTORNEYS' FEES

34.     Kappa realleges the allegations set forth in Paragraphs 1 through 33 of the Counterclaim as though fully set forth herein.

35.     As stated in Paragraphs 28 - 29 of the Complaint, Watson has brought this action pursuant, in part, to 17 U.S.C. § 1202(b).

36.     As stated in Paragraphs 20 - 25 of the Counterclaim, Watson's conduct in bringing his claim under 17 U.S.C. § 1202 is without any basis in fact or law.

37.     As stated in Paragraphs 20 - 25 of the Counterclaim, Watson's conduct in bringing his claim under 17 U.S.C. § 1202, is frivolous, and objectively unreasonable.

38.     Watson's motivation in bringing his claim under 17 U.S.C. § 1202, is a predacious attempt by Watson and/or Watson's counsel to extract money out of Kappa.

39.     Watson's conduct in bringing this claim without any basis in fact or law has caused and continues to cause harm to Kappa.

40.     Watson is therefore liable for Kappa's full costs and reasonable attorneys' fees in defending against its claim that Kappa violated 17 U.S.C. § 1202(b) as provided in 17 U.S.C. § 1203.

41.     An award to Kappa of costs and reasonable attorneys' fees as provided in 17 U.S.C. § 1203, in defending itself against Watson's baseless claim would act as effective deterrence against future predatory claims against innocent parties.

## PRAYER FOR RELIEF

FOR THESE REASONS, Counterclaimant Kappa prays for a judgment in its favor and against Counterdefendant Watson as follows:

**A.** That the Court enter judgment against Watson in on its cause of action under 17 U.S.C. 1202(b).

**B.** That the Court enter judgment in favor of Counterclaimant Kappa and against Counterdefendant Watson on Counterclaimant's Counterclaims.

**C.** Kappa recover its costs and attorney's fees;

**D.** For such other and further relief as is just and equitable.

DATED: March 17, 2015.

Respectfully submitted,

/s/Travis Tunnell_____
Travis Tunnell
Attorney for Kappa Map Group

**ANDERSON DAILEY LLP**
2002 Summit Boulevard, Suite 1250
Atlanta, Georgia 30319
404 442 1800
tunnell@andersondailey.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IRAN WATSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| KAPPA MAP GROUP, LLC | § | |
| | § | |
| Defendant. | § | CIVIL ACTION NO. 1:14-cv-00100-WBH |
| | § | |
| KAPPA MAP GROUP, LLC | § | |
| Counterclaimant, | § | |
| | § | |
| v. | § | |
| | § | |
| IRAN WATSON | § | |
| | § | |
| Counter-Defendant. | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2015, I filed the foregoing

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT and**

**COUNTERCLAIM** with the Clerk of Court using the CM/ECF system, which

will provide email notification to Plaintiff's counsel of record.

/s/Travis Tunnell
Travis Tunnell

16

## <u>LOCAL RULE 7.1 D CERTIFICATION</u>

Counsel certifies the foregoing was prepared in Times New Roman, 14-point font, in accordance with LR 5.1 B, NDGa.

<u>/s/Travis Tunnell</u>
Travis Tunnell

# Exhibit A



# Exhibit B



# Exhibit C



Creative Commons

# Creative Commons License Deed

**Attribution-NoDerivs 2.0 Generic (CC BY-ND 2.0)**

This is a human-readable summary of the Legal Code (the full license).
Disclaimer

## You are free:

**to Share** — to copy, distribute and transmit the work

to make commercial use of the work

## Under the following conditions:



**Attribution** — You must attribute the work in the manner specified by the author or licensor (but not in any way that suggests that they endorse you or your use of the work).



**No Derivative Works** — You may not alter, transform, or build upon this work.

## With the understanding that:

**Waiver** — Any of the above conditions can be waived if you get permission from the copyright holder.

**Public Domain** — Where the work or any of its elements is in the public domain under applicable law, that status is in no way affected by the license.

**Other Rights** — In no way are any of the following rights affected by the license:
- Your fair dealing or fair use rights, or other applicable copyright exceptions and limitations;
- The author's moral rights;
- Rights other persons may have either in the work itself or in how the work is used, such as publicity or privacy rights.

- **Notice** — For any reuse or distribution, you must make clear to others the license terms of this work. The best way to do this is with a link to this web page.

A new version of this license is available. You should use it for new works, and you may want to relicense existing works under it. No works are *automatically* put under the new license, however.

# Exhibit D



# Exhibit E

ADC The Map People
by Kappa Map Group

STREET ATLAS

# Atlanta Metro

## Georgia

*Trusted. Accurate. Everywhere.*™

**INCLUDING:** Alpharetta, Austell, Chamblee, College Park, Decatur, Duluth, Dunwoody, East Point, Fairburn, Forest Park, Johns Creek, Kennesaw, Lake City, Lilburn, Marietta, Morrow, Norcross, Riverdale, Roswell, Sandy Springs, Smyrna, Stone Mountain, Union City & Woodstock

**FEATURING:** Airports, Block Numbers, Colleges & Universities, Downtown Atlanta, Golf Courses, Hospitals, Parks & Rec Areas, Places of Interest, Schools & ZIP Codes



# Exhibit F

**From:** Christine Ecarius
**Sent:** Monday, January 28, 2013 3:47 PM
**To:** 'iranwatson@gmail.com'
**Subject:** Flickr link

Here's where we got the photo from. Please let me know if there's anything else that I can do.

http://www.flickr.com/photos/beck32/7353519924

*Christine Ecarius*
KAPPA Mep Group
Marketing Manager / Graphic Designer
112 E. New York Ave., DeLand, FL 32724
Phone: 386-873-3010 x 234
www.kappamapgroup.com