IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IRAN WATSON,

    Plaintiff,

      v.

KAPPA MAP GROUP, LLC,

    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-100-TWT

## OPINION AND ORDER

This is a copyright infringement case. It is before the Court on the Defendant's Motion for Partial Summary Judgment [Doc. 48] which is GRANTED in part and DENIED in part.

### I. Background

The Plaintiff, Iran Watson, is a photographer, specializing in real estate and architectural photography.[1] The Defendant, Kappa Map Group, LLC ("Kappa"), is a Pennsylvania company that publishes and sells road maps to the general public.[2] At issue here is a photograph of the Atlanta Westin Towers created by the Plaintiff on

---

[1]    Def.'s Statement of Facts ¶ 1.

[2]    Id. ¶¶ 2-3.

February 17, 2011.[3] After creating the photograph, the Plaintiff added his copyright management information ("CMI") to the photograph and posted it to his online Flickr photostream.[4] On February 12, 2013, the Plaintiff submitted the photograph to the Register of Copyright and received a registration number.[5]

On June 8, 2012, a Flickr user known as Roberto C., or by the username "azroby," posted the photograph to his own Flickr account without any of the Plaintiff's CMI.[6] In August of 2012, the Defendant used the photograph on a single-print run of its 2012 Atlanta street map directory.[7] The Defendant claims to have obtained this image from a Flickr account belonging to the user "azroby."[8] The Defendant further claims that the image was free of CMI at the time it was downloaded from Flickr.[9] Christine Ecarius, the Defendant's director of marketing, testified at her deposition that the photograph did have a blurry area that could have

---

[3]     Id. ¶ 4.

[4]     Id. ¶ 5.

[5]     Id. ¶ 6.

[6]     Tunnell Decl. ¶ 3.

[7]     Def.'s Statement of Facts ¶ 10.

[8]     Id.

[9]     Id. ¶ 8.

indicated photoshopping to remove CMI.[10] The image the Defendant used on the cover of its map crops out the blurry area, which is the same area where the Plaintiff's CMI appeared.[11]

The Plaintiff initially filed this action on January 13, 2014, claiming copyright infringement and removal of CMI. The Defendant answered, admitting copyright infringement but contesting removal of CMI, and counterclaimed for a declaration that it did not violate the CMI removal statute, as well as for attorney's fees. On August 20, 2014, the Plaintiff moved for leave to file an amended complaint, which included a claim for conveying false CMI in place of the claim for removal of CMI. The Defendant did not contest the motion for leave to amend, but instead, on December 25, 2014, filed a motion for partial summary judgment on the claim for removal of CMI as well as its counterclaims. This Court granted the Plaintiff's motion for leave to amend the complaint on March 3, 2015.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and

---

[10]     Ecarius Dep. at 73.

[11]     Def.'s Mot. for Partial Summ. J., Ex. D.

that the movant is entitled to judgment as a matter of law.[12] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[13] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[14] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[15] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[16]

### III. Discussion

The Defendant moves for summary judgment on the Plaintiff's claim for removal of CMI under 17 U.S.C. § 1202(b) and on its counterclaims. The Plaintiff obtained leave to file, and on March 3, 2015, did file, an amended complaint that no longer contains a claim for violation of 17 U.S.C. § 1202(b). The Defendant's motion for summary judgment on that claim is therefore denied as moot. The Defendant has

---

[12]   FED. R. CIV. P. 56(a).

[13]   Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[14]   Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[15]   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[16]   Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

made no motion for summary judgment on the new claim for violation of 17 U.S.C. § 1202(a) added in the amended complaint. That claim therefore remains to be tried.

The Defendant's first counterclaim is for a declaratory judgment that it did not violate 17 U.S.C. § 1202(b). In its response to the Defendant's motion for summary judgment, the Plaintiff concedes that based on the evidence available, it will likely be unable to prove a violation of 17 U.S.C. § 1202(b).[17] Given that the Plaintiff concedes it will be unable to prove a violation of that provision, the Defendant's motion for summary judgment on its first counterclaim should be granted.

The Defendant's second counterclaim is for costs and attorney's fees related to the Plaintiff's claim under 17 U.S.C. § 1202(b).[18] Under 17 U.S.C. § 1203(b)(5), the Court has discretion to award reasonable attorney's fees to the prevailing party in a civil action for removal of copyright management information brought under 17 U.S.C. §§ 1201 or 1202.[19] Here, the Defendant did not file its motion for summary judgment until after the Plaintiff had already filed its motion to amend. Additionally, any discovery taken regarding the §1202(b) claim will likely be relevant to the remaining claim for falsifying CMI. Furthermore, this Court finds that the claim for

---

[17]   Pl.'s Opp'n to Def.'s Mot. for Partial Summ. J., at 12-13.

[18]   Def.'s First Amended Answer and Counterclaim ¶¶ 34-41.

[19]   17 U.S.C. § 1203(b)(5).

removal of CMI was not entirely without merit given that the photograph on the map cropped out the area where the CMI appeared on the original. As a result, this Court declines to award attorney's fees and finds that the Defendant's second counterclaim should be dismissed.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Partial Summary Judgment [Doc. 48] is GRANTED in part and DENIED in part.

SO ORDERED, this 19 day of March, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge