# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IRAN WATSON<br><br>Plaintiff<br><br>v.<br><br>KAPPA MAP GROUP, LLC<br><br>Defendant | CIVIL ACTION NO.<br>1:14-CV-100-TWT |

## KAPPA MAP GROUP, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT II

**ANDERSON DAILEY LLP**

Travis Tunnell
GA Bar No. 238206
2002 Summit Boulevard
Suite 1250
Atlanta, Georgia 30319
(404) 442-1810
tunnell@andersondailey.com
Counsel for Defendant

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT..................................................................................1

II. STATEMENT OF FACTS........................................................................................2

    A. The Parties ...........................................................................................................2

    B. The Work at Issue ................................................................................................2

    C. A Third Party's Publication of the Work With No .........................................3

    D. The Kappa Map ...................................................................................................3

    E. Watson's Communications With Kappa..........................................................4

III. LEGAL STANDARD................................................................................................4

IV. ARGUMENT .............................................................................................................5

    A. Watson' §1202(a) False Copyright Management Information
       Claim ......................................................................................................................5

    B. Kappa's Copyright Notification Was Not "Conveyed" With the Work As
       Required to Prove A Violation of the DCMA ..................................................5

    C. Plaintiff Cannot Establish Kappa Had the Knowledge or Intent Required to
       Violate 17 U.S.C. § 1202(a)................................................................................8

        1. Kappa Did Not Have the Requisite Knowledge of Falsity to Violate the
           Statute…………………………………….................................................9

        2. Kappa Did Not Have the Requisite Intent to Infringe to Violate the
           Statute…………….........................................................................................10

V. CONCLUSION..........................................................................................................12

**I. PRELIMINARY STATEMENT**

Defendant/Counter-plaintiff Kappa Map Group, LLC ("Kappa") respectfully submits this Memorandum in Support of its Motion for Summary Judgment against Plaintiff/Counter-defendant Iran Watson ("Watson.")

In his Complaint, Watson has sued Kappa for (1) Copyright Infringement in violation of 17 U.S.C. § 501 and (2) Provision of False Copyright Management Information in violation of 17 U.S.C. § 1202(a)(1). Both claims stem from Kappa's use of a copy of a photograph taken by Watson that was republished by an unknown third party on a Flickr account which stated that the image was licensed for commercial use. Kappa used said image on the cover of its Atlanta street map.

In this memorandum, Kappa moves for summary judgment as to Plaintiff's second claim for provision of false copyright management information ('CMI') under 17 U.S.C. § 1202(a).

Here, Watson' 1202(a) claim fails as a matter of law because the copyright notice on the inside page of Kappa's map does not meet the definition of CMI under U.S.C. § 1202(c) because it is separate and apart from the photograph on the outside cover of the map. Moreover, Kappa's general copyright notice was not false, and even assuming arguendo that it was, the evidence demonstrates that Kappa had neither the knowledge nor intent necessary to violate the statute. Thus, Defendant respectfully requests an entry of judgment as to Plaintiff's second claim.

## II. STATEMENT OF FACTS

### A. The Parties

Iran Watson ("Watson") is a photographer who provides photography services to real estate brokers and developers in the Atlanta area. (Kappa's Statement of Facts ("SOF") at ¶ 1.) Kappa Map Group, LLC ("Kappa") is a Pennsylvania LLC with its principal office at 6198 Butler Pike, Blue Bell, PA 19422. (Id. at ¶ 2.) Kappa publishes maps for sale to the public. (Id. at ¶ 3.)

### B. The Work at Issue

On February 17, 2011, Watson created the photograph at issue in this action entitled "Atlanta Westin Towers Twilight," (hereinafter the "Work.") (Id. at ¶ 4.) After Watson created the Work and added CMI to it, he uploaded the Work to the Internet, making it publicly available through a Flickr® photostream. (Id. at ¶ 5.) Approximately two years after publishing the Work, Watson registered the Work with the Register of Copyright on February 12, 2013. (Id. at ¶ 6.)

### C. A Third Party's Publication of the Work With No CMI

On June 8, 2012, a Flickr user known as "Roberto C." and/or "azroby" (hereinafter "azroby") uploaded a copy of Watson's photograph, which he titled "Atlanta" to a Flickr account at: www.flickr.com/photos/beck32/7353519924. (*Id.* at ¶ 7.) The copy of the Work published on azroby's Flickr account did not contain or display Watson's watermark or any other CMI. (*Id.* at ¶ 8.)

2

### D. The Kappa Map

Kappa downloaded a copy of the Work, which contained no CMI or watermark from azroby's Flickr account. (*Id.* at ¶ 9.) In August 2012, Kappa published a street map entitled "2012 Atlanta Street map directory" ("the Map") using the image it downloaded from azroby's Flickr account on the cover. (*Id.* at ¶ 12.)

On the first page inside the Map, Kappa provided a general copyright notice stating:

> "Copyright © Kappa Map Group, LLC 2012. Portions © Navteq 2011. All rights reserved. Reproduction, in whole or part, by any means whatsoever, is expressly prohibited without permission form the publisher. Information is not warranted by us. Publisher assumes no liability for damages arising from errors or omissions.
> (800) 829-6277 www.kappamapgroup.com"

(*Id.* at ¶ 10.)

On the back cover of the Map, Kappa provided an attribution for the photograph on the cover of the Map using the information provided by azroby on his Flickr page. (*Id.* at ¶ 11.) Kappa's attribution provided the following information on the back cover of the Map:

> "**Photo: Atlanta, Georgia**
> **Photographer: azroby / CC-BY-ND-2.0**"

(*Id.* at ¶ 11.)

3

### E. <u>Watson's Communications With Kappa</u>

On January 28, 2013, Watson contacted Kappa regarding its use of the Work. (*Id.* at ¶ 13.) On January 28, 2013, Kappa informed Watson that it was completely unaware that Watson was the true owner of the Work. (*Id.* at ¶ 14.) Kappa explained that it had used the Work on the cover of the Kappa Map in good faith based upon the representations in azroby's account that the image was freely licensed for commercial use. (*Id.*) On January 28, 2013, Kappa directed Watson to azroby's Flickr account, which had published a copy of the Work without a CMI watermark: www.flickr.com/photos/beck32/7353519924. (*Id.* at ¶ 15.) Nearly a year later, on January 13, 2014, Watson filed the pending suit against Kappa. (*Id. at* ¶ 16.)

## III. LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The plain language of Fed. R. Civ. P. 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Id*

## IV. ARGUMENT

### A. WATSON' 17 U.S.C. § 1202(a) FALSE COPYRIGHT MANAGEMENT INFORMATION CLAIM

In his Second Claim, Watson asserts that Kappa is liable for providing false CMI in violation of 17 U.S.C. § 1202(a) of the DMCA. Watson bases his claim for provision of false CMI upon his assertion that Kappa's copyright notice *inside* the Map allegedly claims ownership over Plaintiff's photo on the outside cover of the Map. ("Kappa knew when it provided the copyright management information in the Kappa Map that the copyright management information was false because Kappa knew that it did not own the copyright to the Work .")(SOF. *at* ¶ 18.)

### B. KAPPA'S COPYRIGHT NOTIFICATION WAS NOT "CONVEYED" WITH THE WORK AS REQUIRED UNDER 17 U.S.C. § 1202(C).

Kappa's copyright notice on the inside of the Map does not meet the definition of CMI under the DMCA. Copyright management information ("CMI") is defined in 17 U.S.C. § 1202(c) as data about the copyright that is "*conveyed in connection with copies*" of the work. Such information includes that "which identifies the work, the author of the work, or information about the terms and conditions of use of the work and identifying numbers or symbols referring to such information ... *which is attached to a copy of a work or appears in connection* with communication of the work to the public." *IQ Group v. Wiesner Inc.*, 409 F. Supp. 2d 587, 596 (D.N.J. 2006);

5

As such, Watson, who has the burden at trial, must prove that Kappa's allegedly false CMI copyright notice is "conveyed" with Watson' Work. However, per Watson' own allegations, Kappa's copyright notice appears on a separate page from his Work. (SOF at ¶12 & ¶17.)

Courts have persuasively held that in order for information to be considered CMI under 17 U.S.C. § 1202(c), it must be conveyed on the "body" or the "area around" the work. *See Pers. Keepsakes, Inc. v. Personalization Mall,* 2012 U.S. Dist. LEXIS 72083, at 4-5 (N.D. Ill. May 24, 2012) (copyright information posted in an entirely different place from the work at issue does not constitute falsification under 17 U.S.C. § 1202(a)). *See also*, *Kelly v. Arriba Soft Corp.,* 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999) aff'd in part, rev'd in part, 280 F.3d 934 (9th Cir. 2002) and aff'd in part, rev'd in part, 336 F.3d 811 (9th Cir. 2003). ("[b]ased on the language and structure of the statute, the Court holds this provision applies only to the removal of copyright management information on a plaintiff's product or original work"—in other words, not simply printed somewhere on the website.")

In, *Schiffer Publishing, Ltd. v. Chronicle Books,* the court evaluated a claim under 1202(a) based upon similar facts to the present dispute. There, Plaintiff, the owner of copyrighted photographs, claimed that the defendant violated 17 U.S.C. § 1202(a) of DMCA by falsely naming itself as the copyright holder of Plaintiff's pictures, where were published without permission in Defendant's book, via

6

Defendant's general copyright notice on the whole book. The court ruled that to violate the DMCA, the allegedly false CMI in question must be located in the body of, or area around, plaintiff's work itself. *Schiffer Publishing, Ltd. v. Chronicle Books, LLC*, 2004 U.S. Dist. LEXIS 23052, (E.D. Pa. 2004).

In *BanxCorp v. Costco Wholesale Corp.*, the court analyzed the ruling in *Schiffer Publishing, Ltd.* with approval stating, "*CMI on the inside cover of a book suggested copyright in the book itself, and not in particular images inside the book.*" *BanxCorp*, 723 F. Supp. 2d 596, 610, Footnote 11 (S.D.N.Y. 2010)  See, Pers. *Keepsakes, Inc.*, 2012 U.S. Dist. LEXIS 15280; "Such a rule prevents a 'gotcha' system *where a picture or piece of text has no CMI near it but the plaintiff relies on a general copyright notice located elsewhere.*"

Here, the facts show that Kappa's copyright notice inside the Map is separate and apart from Watson's image on the cover. (SOF at ¶10; 12.) Precedent dictates that a copyright notice appearing inside a book is not CMI "conveyed" with an image located on the outside cover. As such, Kappa's copyright notice is not conveyed with the Work, and Watson's claim must be denied.

## C. WATSON CANNOT ESTABLISH KAPPA HAD THE KNOWLEDGE OR INTENT REQUIRED TO VIOLATE 17 U.S.C. § 1202(a).

Section 1202(a) of the DMCA prohibits the knowing falsification of CMI with the intent to aid copyright infringement. The legislative history provides clear guidelines for the two prerequisites that must be met for 1202(a) to be violated:

> (1) the person providing, distributing or importing the false copyright management information **must know** the copyright management information is false, and

> (2) the person providing, distributing, or importing the false copyright management information must do so **with the intent** to induce, enable, facilitate or conceal an infringement of any right under title 17.

*Ward v. Nat'l Geographic,* 208 F. Supp. 2d 429, 449-50 (S.D.N.Y. 2002).

Therefore, to establish that a person or entity violated the statute, a plaintiff must show not only that the CMI is false, but also that the alleged infringer both knowingly and intentionally provided false copyright information. *See Agence Fr. Presse*, 769 F. Supp. 2d 547, 575 (S.D.N.Y., January 14, 2013)(To violate this provision, the person providing or distributing the false copyright management information must know that information is false and provide or distribute the false copyright management information with the intent to induce, enable, facilitate, or conceal infringement.)

8

**1. Kappa Did Not Have the Requisite Knowledge to Violate the Statute**

Plaintiff fails to allege facts from which a jury could infer that Kappa had actual knowledge that its copyright notice was false, as required under 1202(a). Plaintiff took the deposition of Kappa's Marketing Manager, Christine Ecarius. (SOF at ¶20.) Plaintiff asked Ecarius whether Kappa owned the copyright to the cover image, Ecarius answers "No." (SOF at ¶21.) Ecarius' testimony shows that Kappa did not believe that it had ownership in the Work on the cover of the Map. Plaintiff then asked why Kappa's copyright notice on the inside of the Map did not credit the photographer. (SOF at ¶22.) Ecarius replied, "Because cover photo information is always put on the outside covers or an inside cover, but never within the book. Cartography comes from one place. Artwork for the covers comes from another." (SOF at ¶22.)

```
 7      Q    I understand.  Does Kappa own the copyright
 8   to the image on the front page?
 9      A    No.
10      Q    Why didn't this say, copyright Kappa Group,
11   LLC, 2012, portions copyright Navteq 2011 and portions
12   copyright Azroby?
13      A    Because cover photo information is always put
14   on the outside covers or an inside cover, but never
15   within the book.  Cartography comes from one place.
16   Artwork for the covers comes from another.
```

9

Ecarius' statements prove that Kappa did not have knowledge that providing a general copyright notice on the inside cover of the book was false in relation to the image on the cover of the map. Rather, Ecarius statement shows that Kappa, in fact, believed that its method of providing copyright information was actually designed to place CMI in closer proximity to a works, e.g., cover photo CMI is place on the cover, and CMI for the data within the book was placed in the interior.

Kappa's reason for providing photographers' credit on the cover rather than inside the Map is in no way designed to enable, conceal, or facilitate infringement, Rather, Kappa's goal is to respect the separate copyright ownership by attributing ownership separately. Accordingly, the evidence reveals that the copyright notice provided by Kappa is not false, it is simply a general copyright notice on the Map as a whole. However, even assuming arguendo that the CMI was false, the evidence demonstrates that Kappa believed it use of licensed image from Flickr was proper as long as it provided an attribution for the work in question. (SOF at ¶23.) As such, Kappa did not have the knowledge that its interior copyright notice was false, and therefore, its actions cannot be found to violate the statute.

### 2. Kappa Did Not Have the Requisite Intent To Violate the Statute.

Plaintiff fails to allege facts from which a jury could infer that Kappa knew its conduct was infringing and, as relevant here, that its copyright notice would "induce, enable, or conceal" its alleged infringement as required under 1202(a).

10

Here, Watson' claim alleges that Kappa was "willfully blind or deliberately ignorant" that it had no copyright in the relevant Work. (SOF at ¶19.) However, Watson's allegation fails to acknowledge that Kappa provided a CMI attribution for the Work on the back cover of the Map. (SOF at ¶11.) The very fact that Kappa credits the owner of photographs they use on the covers of their Map disproves a finding of intent to infringe. In fact, Kappa includes the CMI attribution on the cover of its maps to acknowledge that it does not own the copyright in cover photos and to provide credit to photographer who does hold the copyright. (SOF at ¶22-24.) As such, the evidence of Kappa's inclusion of attribution of the cover photo is wholly inconsistent with an accusation of any intent to induce, enable, facilitate, or conceal infringement.

Here, the evidence unequivocally demonstrates that Kappa intended to provide accurate CMI on its maps. (SOF at ¶23-25.) Kappa had a system in place to ensure that its maps provided accurate CMI identifying the copyright owners of the photographs used on covers (SOF at ¶24) Kappa maintains a form with check boxes, including ones marked 'photo' and 'photo credit' which prompt a reviewer to check that photos are appropriately licensed and attributed." (SOF at ¶25)

This evidence also shows that Kappa intended that its use of a publicly licensed image would not infringe on copyrighted material. (SOF at ¶27-28.) On the contrary, Kappa believed its conduct was licensed, and therefore that its use of

11

the photograph was non-infringing. (SOF at ¶26-27.)  Because Kappa believed that its use of Watson' photograph on the Map was licensed and because it believed that its copyright notification on the inside cover did not claim ownership over Watson' Work, it could not have committed knowing and intentional misconduct as required by the DMCA.

Watson became aware of all of the above facts prior to its request to amend the complaint to add its claim against Kappa under 1202(a). Accordingly, Watson filed this claim against Kappa with full knowledge that the allegedly false CMI was not conveyed with the photograph on cover of its map, and that Kappa had neither the knowledge nor intent necessary to violate the statute. As such, Watson's conduct in bringing his claim was without basis in fact or law, was frivolous and objectively unreasonable, and caused and continues to cause harm to Kappa.

## V. CONCLUSION

To prevail on a 17 U.S.C. § 1202(a) claim, Watson must first show that Kappa's general copyright notice is CMI that is conveyed with his Work as required by the definition of CMI in the statute. The evidence presented demonstrates that Kappa's copyright notice is not conveyed with the Work, but rather it is located separate and apart from Watson's photograph on the inside cover of the Map. As such, judicial precedent has established that Kappa's

copyright notice is not conveyed with the work, and therefore does not meet the statutory definition of CMI in relation to Watson's photograph.

Assuming arguendo, that Kappa's copyright notice is found to be CMI under the statute, the record demonstrates that Kappa's actions do not support any of three elements necessary for Watson to prevail on his claim. The general copyright notice provided by Kappa on the interior of the Map was not false, and even assuming that it was, the evidence demonstrates that Kappa did not have the requisite knowledge or intent necessary to violate the statute. Accordingly, Kappa respectfully requests that this Court enter judgment in its Defendant's favor as to Plaintiff's claim under 17 U.S.C. § 1202(a).

Dated: April 16, 2015

Respectfully submitted,

/s/ Travis Tunnell
Travis Tunnell
ANDERSON DAILEY LLP
2002 Summit Boulevard
Suite 1250
Atlanta, GA 30319
(404) 442-1800
tunnell@andersondailey.com

*Counsel for Kappa Map Group, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IRAN WATSON § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACT. NO. 1:14-cv-00100-TWT |
| § | |
| KAPPA MAP GROUP, LLC § | |
| § | |
| Defendant. § | |

### **CERTIFICATE OF SERVICE**

On this day, I certify that I served a copy of the foregoing Kappa Map Group, LLC's Memorandum of Points and Authorities Supporting Its Motion for Partial Summary Judgment as to Count II upon Counsel for Plaintiff via the Court's ECF filing system.

Dated: April 16, 2015

/s/ Travis Tunnell
Travis Tunnell