IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IRAN WATSON,

    Plaintiff,

       v.

KAPPA MAP GROUP, LLC,

    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-100-TWT

## OPINION AND ORDER

This is a copyright infringement case. It is before the Court on the Defendant's Motion for Partial Summary Judgment [Doc. 58] which is GRANTED and the Defendant's Motion for Leave to File Defendant's First Amended Counterclaims [Doc. 59] which is DENIED.

### I. Background

The Plaintiff, Iran Watson, is a photographer, specializing in real estate and architectural photography.[1] The Defendant, Kappa Map Group, LLC ("Kappa"), is a Pennsylvania company that publishes and sells road maps to the general public.[2] At

---

[1]    Def.'s Statement of Facts ¶ 1.

[2]    Id. ¶¶ 2-3.

issue here is a photograph of the Atlanta Westin Towers created by the Plaintiff on February 17, 2011.[3] After creating the photograph, the Plaintiff added his copyright management information ("CMI") to the photograph and posted it to his online Flickr photostream.[4] On February 12, 2013, the Plaintiff submitted the photograph to the Register of Copyright and received a registration number.[5]

A Flickr user known as Roberto C., or by the username "azroby," posted the photograph to his own Flickr account without any of the Plaintiff's CMI.[6] In August of 2012, the Defendant used the photograph on a single-print run of its 2012 Atlanta street map directory.[7] On the map, no CMI appeared on the same page (the front cover) as the image.[8] The Defendant did include a copyright notice inside the front cover of the map.[9] That notice stated "Copyright © Kappa Map Group, LLC 2012. Portions © Navteq 2011."[10] Additionally, on the back cover of the map, the Defendant

---

[3]    Id. ¶ 4.

[4]    Id. ¶ 5.

[5]    Id. ¶ 6.

[6]    Tunnell Decl. ¶ 3.

[7]    Def.'s Statement of Facts ¶ 12.

[8]    Id.

[9]    Id. ¶ 10.

[10]    Id.

printed the following: "Photo: Atlanta, Georgia, Photographer: azroby / CC-BY-ND-2.0."[11]

The Plaintiff initially filed this action on January 13, 2014, claiming copyright infringement and removal of CMI. The Defendant answered, admitting copyright infringement but contesting removal of CMI, and counterclaimed for a declaration that it did not violate the CMI removal statute, as well as for attorney's fees. On August 20, 2014, the Plaintiff moved for leave to file an amended complaint, which included a claim for conveying false CMI in place of the claim for removal of CMI. The Defendant did not contest the motion for leave to amend, but instead, on December 25, 2014, filed a motion for partial summary judgment on the claim for removal of CMI as well as its counterclaims. This Court granted the Plaintiff's motion for leave to amend the complaint on March 3, 2015. On March 19, 2015, this Court  granted the motion for partial summary judgment with respect to removal of CMI, but declined to award attorney's fees. The Defendant now moves for partial summary judgment on the claim added in the Plaintiff's amended complaint, which is for falsifying CMI. The Defendant additionally moves for leave to amend its counterclaims.

---

[11]      Id. ¶ 11.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[12] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[13] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[14] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[15] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[16]

---

[12]   Fed. R. Civ. P. 56(a).

[13]   Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[14]   Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[15]   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[16]   Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Discussion

### A. Motion For Summary Judgment on the Plaintiff's § 1202(a) Claim

The Plaintiff's second claim against the Defendant is that the Defendant is liable for providing false Copyright Management Information ("CMI") in violation of 17 U.S.C. § 1202(a). The Defendant moves for summary judgment on this claim. First, the Defendant argues that its copyright notice inside of the map does not qualify as CMI within the definition provided in 17 U.S.C. § 1202(c). That statute defines CMI as data "conveyed in connection with copies or phonorecords of a work."[17] CMI includes information such as the title, author's name, and copyright owner, including information in a copyright notice.[18] Here, the Plaintiff alleges that the copyright notice inside of the map at issue subjects the Defendant to liability for providing false CMI. The image, however, is on the front cover of the map. It is undisputed that no CMI appears on the same page as the image. In addressing removal of CMI, courts have noted that a copyright notice inside of a book suggests copyright in the entire book, not on individual images within the book.[19] The only CMI alleged as false is the

---

[17]    17 U.S.C. § 1202(c).

[18]    Id.

[19]    BanxCorp. v. Costco Wholesale Corp., 723 F. Supp. 2d. 596, 610 n.11 (S.D. N.Y. 2010); Schiffer Pub., Ltd. v. Chronicle Books, LLC, No. Civ.A. 03-4962, 2004 WL 2583817, at *13-14 (E.D. Pa. Nov. 12, 2004).

copyright notice inside the map. That copyright notice is not on or next to the image. There is, in fact, no indication whatsoever that the copyright notice refers to the image. This Court finds, therefore, that the copyright notice relates to the entire map, not the specific image. The notice was not conveyed with the image and cannot be the basis for a claim for falsification of CMI under § 1202(a). The Defendant also argues that it did not have sufficient intent for liability, but because the copyright notice does not qualify as CMI, there is no need to reach that question. The Defendant's motion should be granted.

### B. Motion for Leave to Amend Counterclaims

The Defendant moves for leave to amend its counterclaims. It argues that because the Plaintiff amended the complaint, the Defendant should be granted leave to amend its counterclaims. The Defendant's argument, however, ignores the fact that it answered the Plaintiff's amended complaint and included counterclaims in its answer. Now, after it has already moved for summary judgment on its first set of counterclaims, the Defendant wishes to add additional counterclaims. Federal Rule of Civil Procedure 15(a)(2) does state that courts should "freely give leave [to amend] when justice so requires."[20] Because the Defendant had ample chance to add these counterclaims in its answer to the amended complaint, it would cause undue delay to

---

[20]     Fed. R. Civ. P. 15(a)(2).

allow the amendment at this stage when not one, but two, summary judgment motions

have already been briefed and decided. The Defendant's motion should be denied.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Partial Summary

Judgment [Doc. 58] is GRANTED. The Defendant's Motion for Leave to Amend

[Doc. 59] is DENIED.

SO ORDERED, this 25 day of June, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge